***E-FILED - 11/30/10***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PINA,<br><br>   Plaintiff,<br><br> v.<br><br>WARDEN LEWIS, et al.,<br><br>   Defendants. | No. C 10-3784 RMW (PR)<br><br>ORDER DISMISSING CASE<br>WITH LEAVE TO AMEND |

  Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

## DISCUSSION

A. Standard of Review

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

The complaint has several deficiencies that require an amended complaint to be filed. First, the complaint has several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Plaintiff's claims range from retaliation allegations to legal mail issues to excessive force. The complaint indicates the events happened on several different dates (but does not specify all the dates) and are against different defendants. In his amended complaint, plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. The bottom line is that plaintiff cannot

1  complain in his amended complaint about unrelated incidents during his imprisonment.  Plaintiff
2  must choose what claims he wants to pursue that meet the joinder requirements; if he asserts
3  improperly joined claims in his amended complaint, they will be dismissed.
4         Second, the complaint does not comply with the requirement that the averments be
5  "simple, concise, and direct."  Federal Rule of Civil Procedure 8(a) requires that the complaint
6  set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."
7  Portions of plaintiff's complaint are too conclusory and fail to proffer specific facts sufficient to
8  demonstrate that plaintiff is entitled to relief.  A complaint that fails to state the specific acts of
9  the defendant which violated the plaintiff's rights fails to meet the notice requirements of Rule
10 8(a).  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).
11        Third, in his amended complaint, plaintiff should take care to link defendants to each
12 alleged constitutional violation.  In particular, the complaint names former warden Jacquez and
13 present warden G. D. Lewis, however, there is no respondeat superior liability under § 1983, i.e.
14 no liability under the theory that one is responsible for the actions or omissions of an employee.
15 Liability under § 1983 arises only upon a showing of personal participation by the defendant.
16 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Usually, a § 1983 plaintiff names as a
17 defendant the individual state actor who allegedly wronged him.  If plaintiff wishes to add
18 defendants or to keep the warden and former warden as defendants, he should identify each
19 involved defendant by name and link them to each claim by explaining what each defendant did
20 or failed to do that caused a violation of his constitutional rights.  See Leer v. Murphy, 844 F.2d
21 628, 634 (9th Cir. 1988).

## CONCLUSION

23     For the foregoing reasons, the court hereby orders as follows:
24     1.    Plaintiff's complaint is DISMISSED with leave to amend.
25     2.    If plaintiff can cure the pleading deficiencies described above, he shall file an
26 AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended
27 complaint must include the caption and civil case number used in this order (C 10-3784 RMW
28 (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must

1  indicate which specific, named defendant(s) was involved in each cause of action, what each
2  defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
3  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an
4  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
5  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**
6  **amended complaint within thirty days and in accordance with this order may result in a**
7  **dismissal of this action.**

8          3.      Plaintiff is advised that an amended complaint supersedes the original complaint.
9  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
10 in the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
11 Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.
12 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

13         4.      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
14 court informed of any change of address by filing a separate paper with the clerk headed "Notice
15 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
16 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
17 of Civil Procedure 41(b).

18         IT IS SO ORDERED.
19 DATED:  11/30/10                    _/s/ Ronald M. Whyte_
20                                      RONALD M. WHYTE
                                        United States District Judge