IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PINA, | ) No. C 10-3784 RMW (PR) |
| Plaintiff, | ) ORDER GRANTING MOTION TO |
| v. | ) RECONSIDER; ORDER RE-OPENING CASE; DIRECTING |
| WARDEN LEWIS, et al., | ) PLAINTIFF TO FILE AMENDED COMPLAINT |
| Defendants. | ) |

On August 25, 2010, plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 30, 2010, the court granted plaintiff's application for leave to proceed in forma pauperis, and dismissed the complaint with leave to amend. That same day, the court directed plaintiff to file an amended complaint within thirty days from the filing date of the order. On January 27, 2011, having received no further communication from plaintiff, the court dismissed this action and closed the case. On August 22, 2011, plaintiff wrote a letter to the court requesting the status of his case. On September 26, 2011, plaintiff filed the instant motion for reconsideration.

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the

1 availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"
2 <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting
3 <u>United States v. Desert Gold Mining Co.</u>, 433 F.2d 713, 715 (9th Cir. 1970)).  Rule 60(b)
4 provides for reconsideration where one or more of the following is shown: (1) mistake,
5 inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due
6 diligence could not have been discovered before the court's decision; (3) fraud by the adverse
7 party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason
8 justifying relief.  Fed. R. Civ. P. 60(b); <u>School Dist. 1J v. ACandS Inc.</u>, 5 F.3d 1255, 1263 (9th
9 Cir. 1993).  Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting
10 relief is not covered by any of the other reasons set forth in Rule 60.  <u>Samish Indian Tribe v.</u>
11 <u>Washington</u>, 394 F.3d 1152, 1157 (9th Cir. 2005).  "It has been used sparingly as an equitable
12 remedy to prevent manifest injustice and is to be utilized only where extraordinary
13 circumstances prevented a party from taking timely action to prevent or correct an erroneous
14 judgment."  <u>Id.</u> (internal quotations omitted).  Thus, to reopen a case under Rule 60(b)(6), a party
15 must establish "both injury and circumstances beyond his control that prevented him from
16 proceeding in a proper fashion."  <u>Id.</u> (internal quotations omitted); <u>see, e.g.</u>, <u>id.</u> at 1160-61
17 (finding plaintiff entitled to relief under Rule 60(b)(6) because tribal non-recognition was an
18 extraordinary circumstance beyond their control which prevented them from proceeding in
19 proper fashion). "Although the application of Rule 60(b) is committed to the discretion of the
20 district courts . . . , as a general matter, Rule 60(b) is remedial in nature and must be liberally
21 applied."  <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal
22 quotation marks and ellipsis omitted).

23 Here, Plaintiff declares that he never received any orders from this court after he received
24 the clerk's notice directing him to file an application for leave to proceed in forma pauperis.
25 That is, he never received the November 30, 2010 order granting leave to proceed in forma
26 pauperis, or order dismissing the case with leave to amend.  Plaintiff also asserts he never
27 received the January 27, 2011 order of dismissal or judgment.
28

Order Granting Motion to Reconsider; Order Re-Opening Case; Directing Plaintiff to File Amended Complaint
P:\pro-se\sj.rmw\cr.10\Pina784reo.ac      2

Accordingly, the court GRANTS plaintiff's motion to reconsider, and RE-OPENS this case. The clerk is directed to mail plaintiff a copy of the November 30, 2010 order dismissing the case with leave to amend (docket no. 5), and pointing out the deficiencies within his original complaint. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 10-3784 RMW (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order may result in a dismissal of this action.**

Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: FFĐÏ ĐF

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

        Plaintiff,

  v.

LEWIS et al,

        Defendant.

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 17, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo P. Pina D-28079
California State Prison-Corcoran III
 P. O. Box 3476
 4A 3R-8L
Corcoran, CA 93212

Dated: November 17, 2011

                            Richard W. Wieking, Clerk
                            By: Jackie Lynn Garcia, Deputy Clerk