1

2

3   EÒÉZÒ(SÒÖÁÆŁÆÏ ÐFGE

4

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   PABLO P. PINA,                    )   No. C 10-3784 RMW (PR)
                                       )
12           Plaintiff,                )   ORDER GRANTING MOTION TO
                                       )   RECONSIDER; RE-OPENING
13      v.                             )   CASE; DIRECTING PLAINTIFF TO
                                       )   FILE AMENDED COMPLAINT
14   WARDEN LEWIS, et al.,             )
                                       )
15           Defendants.               )   (Docket Nos. 19, 21, 22)
                                       )
16   _____

17        On August 25, 2010, plaintiff, a state prisoner proceeding pro se, filed a civil rights

18   complaint pursuant to 42 U.S.C. § 1983.  On November 30, 2010, the court granted plaintiff's

19   application for leave to proceed in forma pauperis, and dismissed the complaint with leave to

20   amend.  That same day, the court directed plaintiff to file an amended complaint within thirty

21   days from the filing date of the order.  On January 27, 2011, having received no further

22   communication from plaintiff, the court dismissed this action and closed the case.  On August

23   22, 2011, plaintiff wrote a letter to the court requesting the status of his case.  On September 26,

24   2011, plaintiff filed a motion for reconsideration, declaring that he never received any orders

25   from this court after he received the clerk's notice directing him to file an application for leave to

26   proceed in forma pauperis.  That is, he never received the November 30, 2010 order granting

27   leave to proceed in forma pauperis, nor did he received the order dismissing the case with leave

28   to amend.  Plaintiff also asserts he never received the January 27, 2011 order of dismissal or

Order Granting Motion to Reconsider; Re-Opening Case; Directing Plaintiff to File Amended Complaint
P:\pro-se\sj.rmw\cr.10\Pina784reo.ac

1   judgment.  Thus, on November 17, 2011, the court granted plaintiff's motion to reconsider, re-

2   opened the case, and directed plaintiff to file an amended complaint within thirty days or face

3   dismissal.

4          On March 6, 2012, having received no further communication from plaintiff, the court

5   again dismissed this action and closed the case.  On April 18, 2012, plaintiff filed a motion to

6   request reconsideration and assignment to another court.  Again, plaintiff declared that, although

7   he received the March 6, 2012 order of dismissal, he never received the November 17, 2011

8   order directing him to file an amended complaint.  In addition, the court does not have a

9   certificate of service affixed to plaintiff's November 17, 2011 order indicating that a copy of the

10  order was sent to plaintiff.

11         Motions for reconsideration should not be frequently made or freely granted; they are not

12  a substitute for appeal or a means of attacking some perceived error of the court.  See Twentieth

13  Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major

14  grounds that justify reconsideration involve an intervening change of controlling law, the

15  availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

16  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting

17  United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).  "It has been used

18  sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where

19  extraordinary circumstances prevented a party from taking timely action to prevent or correct an

20  erroneous judgment."  Samish Indian Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).

21   (internal quotations omitted).  Thus, to reopen a case under Rule 60(b)(6), a party must establish

22  "both injury and circumstances beyond his control that prevented him from proceeding in a

23  proper fashion."  Id. (internal quotations omitted); see, e.g., id. at 1160-61 (finding plaintiff

24  entitled to relief under Rule 60(b)(6) because tribal non-recognition was an extraordinary

25  circumstance beyond their control which prevented them from proceeding in proper fashion).

26  "Although the application of Rule 60(b) is committed to the discretion of the district courts . . . ,

27  as a general matter, Rule 60(b) is remedial in nature and must be liberally applied."  TCI Group

28  Life Ins. Plan v. Knoebber, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and

Order Granting Motion to Reconsider; Re-Opening Case; Directing Plaintiff to File Amended Complaint
P:\pro-se\sj.rmw\cr.10\Pina784reo.ac                2

1  ellipsis omitted).

2      Accordingly, the court GRANTS plaintiff's motion to reconsider, and RE-OPENS this

3  case.  The clerk is directed to mail plaintiff a copy of the November 30, 2010 order dismissing

4  the case with leave to amend (docket no. 5), and pointing out the deficiencies within his original

5  complaint.  If plaintiff can cure the pleading deficiencies described above, he shall file an

6  AMENDED COMPLAINT within **thirty days** from the date this order is filed.  The amended

7  complaint must include the caption and civil case number used in this order (C 10-3784 RMW

8  (PR)) and the words AMENDED COMPLAINT on the first page.  The amended complaint must

9  indicate which specific, named defendant(s) was involved in each cause of action, what each

10  defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.

11  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff files an

12  amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that

13  demonstrate that he is entitled to relief under the applicable federal statutes.  **Failure to file an**

14  **amended complaint within thirty days and in accordance with this order will result in a**

15  **dismissal of this action.**

16      Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A]

17  plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

18  amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

19  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v.

20  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

21      It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

22  informed of any change of address by filing a separate paper with the clerk headed "Notice of

23  Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do

24  so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

25  Civil Procedure 41(b).

26      IT IS SO ORDERED.

27  DATED:  _____

                                                        RONALD M. WHYTE
28                                                      United States District Judge

Order Granting Motion to Reconsider; Order Re-Opening Case; Directing Plaintiff to File Amended Complaint
P:\pro-se\sj.rmw\cr.10\Pina784reo.ac                     3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


PABLO PINA,

                Plaintiff,

  v.

LEWIS et al,

                Defendant.

_____/

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Pablo P. Pina D-28079
Pelican Bay State Prison
P. O. Box 7500
D-2; #122 SHU
Crescent City, CA 95531

Dated: September 17, 2012

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk