IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PABLO P. PINA, | ) | No. C 10-3784 RMW (PR) |
| Plaintiff, | ) ) ) | ORDER GRANTING MOTION TO RECONSIDER; RE-OPENING |
| v. | ) ) | CASE; DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT |
| WARDEN LEWIS, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 19, 21, 22) |

    On August 25, 2010, plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 30, 2010, the court granted plaintiff's application for leave to proceed in forma pauperis, and dismissed the complaint with leave to amend. That same day, the court directed plaintiff to file an amended complaint within thirty days from the filing date of the order. On January 27, 2011, having received no further communication from plaintiff, the court dismissed this action and closed the case. On August 22, 2011, plaintiff wrote a letter to the court requesting the status of his case. On September 26, 2011, plaintiff filed a motion for reconsideration, declaring that he never received any orders from this court after he received the clerk's notice directing him to file an application for leave to proceed in forma pauperis. That is, he never received the November 30, 2010 order granting leave to proceed in forma pauperis, nor did he received the order dismissing the case with leave to amend. Plaintiff also asserts he never received the January 27, 2011 order of dismissal or

1  judgment. Thus, on November 17, 2011, the court granted plaintiff's motion to reconsider, re-
2  opened the case, and directed plaintiff to file an amended complaint within thirty days or face
3  dismissal.

4        On March 6, 2012, having received no further communication from plaintiff, the court
5  again dismissed this action and closed the case. On April 18, 2012, plaintiff filed a motion to
6  request reconsideration and assignment to another court. Again, plaintiff declared that, although
7  he received the March 6, 2012 order of dismissal, he never received the November 17, 2011
8  order directing him to file an amended complaint. In addition, the court does not have a
9  certificate of service affixed to plaintiff's November 17, 2011 order indicating that a copy of the
10 order was sent to plaintiff.

11       Motions for reconsideration should not be frequently made or freely granted; they are not
12 a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth
13 Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major
14 grounds that justify reconsideration involve an intervening change of controlling law, the
15 availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"
16 Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting
17 United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)). "It has been used
18 sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where
19 extraordinary circumstances prevented a party from taking timely action to prevent or correct an
20 erroneous judgment." Samish Indian Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).
21 (internal quotations omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish
22 "both injury and circumstances beyond his control that prevented him from proceeding in a
23 proper fashion." Id. (internal quotations omitted); see, e.g., id. at 1160-61 (finding plaintiff
24 entitled to relief under Rule 60(b)(6) because tribal non-recognition was an extraordinary
25 circumstance beyond their control which prevented them from proceeding in proper fashion).
26 "Although the application of Rule 60(b) is committed to the discretion of the district courts . . . ,
27 as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." TCI Group
28 Life Ins. Plan v. Knoebber, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and

1  ellipsis omitted).

2      Accordingly, the court GRANTS plaintiff's motion to reconsider, and RE-OPENS this
3  case. The clerk is directed to mail plaintiff a copy of the November 30, 2010 order dismissing
4  the case with leave to amend (docket no. 5), and pointing out the deficiencies within his original
5  complaint. If plaintiff can cure the pleading deficiencies described above, he shall file an
6  AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended
7  complaint must include the caption and civil case number used in this order (C 10-3784 RMW
8  (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must
9  indicate which specific, named defendant(s) was involved in each cause of action, what each
10 defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated.
11 Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an
12 amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that
13 demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an**
14 **amended complaint within thirty days and in accordance with this order will result in a**
15 **dismissal of this action.**

16     Plaintiff is advised that an amended complaint supersedes the original complaint. "[A]
17 plaintiff waives all causes of action alleged in the original complaint which are not alleged in the
18 amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
19 Defendants not named in an amended complaint are no longer defendants. See Ferdik v.
20 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

21     It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
22 informed of any change of address by filing a separate paper with the clerk headed "Notice of
23 Change of Address," and must comply with the court's orders in a timely fashion. Failure to do
24 so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
25 Civil Procedure 41(b).

26     IT IS SO ORDERED.
27 DATED: _____            /s/ Ronald M. Whyte
                                 RONALD M. WHYTE
28                               United States District Judge

Order Granting Motion to Reconsider; Order Re-Opening Case; Directing Plaintiff to File Amended Complaint
P:\pro-se\sj.rmw\cr.10\Pina784reo.ac    3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

        Plaintiff,

  v.

LEWIS et al,

        Defendant.

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 17, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo P. Pina D-28079
Pelican Bay State Prison
P. O. Box 7500
D-2; #122 SHU
Crescent City, CA 95531

Dated: September 17, 2012

                Richard W. Wieking, Clerk
                By: Jackie Lynn Garcia, Deputy Clerk