IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PABLO P. PINA, | ) | No. C 10-3784 RMW (PR) |
| Plaintiff, | ) | |
| | ) | ORDER OF DISMISSAL |
| v. | ) | WITH LEAVE TO AMEND |
| | ) | |
| WARDEN LEWIS, et al., | ) | (Docket Nos. 34, 35) |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. The court dismissed with leave to amend plaintiff's original complaint because it contained misjoined claims and defendants, it failed to provide a short and plain statement of his claims, and it did not link all of the defendants to each claim. For the reasons stated below, the court DISMISSES plaintiff's amended complaint with leave to amend.[1]

**DISCUSSION**

In his amended complaint, plaintiff alleges that: (1) defendants Parker, Depew, Carrier, and Scavetta violated his First Amendment right to receiving mail; (2) defendants Barlow, Akin, Brandon, Wilber, Jacquez, and Lewis retaliated against him; (3) defendants Jacquez and Lewis implemented a policy depriving plaintiff of the adequate legal assistance and access to courts; and (4) defendant Boniti used excessive force against him. Plaintiff also raises state law claims.

---

[1] Because the court granted plaintiff's motion to reconsider, and re-opened this action, plaintiff's motions requesting a ruling on his previous motions are DENIED as moot. (Dkt. Nos. 34, 35.)

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.10\Pina784dwla2.wpd

1  A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences," Fed. R. Civ. P. 20(a)(2)(A), and, "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2)(B). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way – that is, if there is not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id.

In plaintiff's amended complaint, there are potentially four different federal claims detailing separate incidents and distinct sets of defendants. Unrelated claims that involve different defendants must be brought in separate lawsuits. See George, 507 F.3d at 607. This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[2] 28 U.S.C. § 1915(g).

Plaintiff's amended complaint does not meet the requirements of Rules 18(a) and 20(a). Plaintiff, however, is granted leave to file a second amended complaint that cures the noted pleading deficiencies. In particular, plaintiff may file either (1) a second amended complaint that brings one or more claims against one defendant, as set forth in Rule 18(a), or (2) a second

---

[2] The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner. 28 U.S.C. § 1915(a),(g).

amended complaint that brings one or more claims against multiple defendants, but only if those defendants can be properly joined under Rule 20(a)(2). In order to bring multiple claims in a single lawsuit, plaintiff must demonstrate that the Federal Rules of Civil Procedure permit the claims to be brought in a single lawsuit. Plaintiff must demonstrate how his right to relief arose out of the same "transaction, occurrence, or series of transactions." Plaintiff may, if he so chooses, file a separate action or actions raising the claims that he does not include in any second amended complaint he files in the instant action.

**Any further attempt to raise unrelated claims against different defendants in a single lawsuit may result in all claims being dismissed. Should plaintiff fail to comply with this order, the action will be dismissed without prejudice.**

## CONCLUSION

1. Within **thirty (30)** days of the date this order is filed, plaintiff may file a SECOND AMENDED COMPLAINT in order to cure the deficiencies noted above. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 10-3784 RMW (PR), and the phrase "SECOND AMENDED COMPLAINT." <u>If plaintiff fails to timely file an amended complaint in conformity with this order, the action will be dismissed without prejudice</u>. Because a second amended complaint will completely replace previous complaints, plaintiff must include in it all the claims he wishes to present. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).

2. Plaintiff is advised that a second amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

1   IT IS SO ORDERED.
2   DATED: _____

RONALD M. WHYTE
United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.10\Pina784dwla2.wpd           4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

         Plaintiff,

  v.

LEWIS et al,

         Defendant.

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo P. Pina D-28079
Pelican Bay State Prison
P. O. Box 7500
D-2; #122 SHU
Crescent City, CA 95531

Dated: January 22, 2013

                                       Richard W. Wieking, Clerk
                                       By: Jackie Lynn Garcia, Deputy Clerk