IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PINA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORRECTIONAL OFFICER E. BONITI,<br><br>　　　　Defendant. | No. C 10-3784 RMW (PR)<br><br>ORDER GRANTING MOTION TO RECONSIDER; DENYING REQUEST FOR TRANSFER; RE-OPENING CASE; ORDER OF SERVICE<br><br>(Docket Nos. 44, 45) |

On August 25, 2010, plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On two occasions, the court directed plaintiff to file an amended complaint. The court did not receive any communication from plaintiff, and dismissed this case twice. After each dismissal, plaintiff filed a motion for reconsideration, stating that he never received the orders directing him to file an amended complaint, and supporting his argument with evidence. The court granted each motion and re-opened the case. On October 24, 2012, plaintiff filed a first amended complaint. The court dismissed the amended complaint with leave to amend, and directed plaintiff to file a second amended complaint within thirty days. Two months later, having received nothing from plaintiff, the court again dismissed this action. On April 17, 2013, plaintiff filed a motion to reconsider, arguing that he indeed sent a second amended complaint in for filing. Having reviewed plaintiff's motion and attached proposed second amended complaint, the court GRANTS plaintiff's motion to reconsider, and directs the

clerk to RE-OPEN this action and FILE plaintiff's second amended complaint. Plaintiff's motion requesting that the case be transferred is DENIED. For the reasons below, the court orders service upon defendant.

## DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). <u>Pro se</u> pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).

B. <u>Legal Claim</u>

Plaintiff alleges that, around February 28, 2010, defendant Correctional Officer E. Boniti opened plaintiff's cell door when another inmate – presumably Inmate Sosa – was out on the tier. It appears that an altercation occurred between plaintiff and Sosa. Plaintiff claims that defendant Boniti then shot plaintiff for no reason after the altercation concluded. Liberally construed, plaintiff has stated a cognizable claim of excessive force. The court exercises its supplemental jurisdiction over plaintiff's alleged state law claims as well.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to reconsider is GRANTED. The clerk shall RE-OPEN this action and FILE plaintiff's second amended complaint. Plaintiff's motion to transfer is DENIED.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint and all attachments thereto (docket no. 45), and a copy of this Order to **Correctional Officer E. Boniti** at **Pelican Bay State Prison.** The Clerk of the Court shall also

1 mail a courtesy copy of the complaint and a copy of this Order to the California Attorney
2 General's Office. Additionally, the Clerk shall mail a copy of this Order to plaintiff.

3      3.   Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure
4 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
5 Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on
6 behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the
7 cost of such service unless good cause is shown for his failure to sign and return the waiver
8 form. If service is waived, this action will proceed as if defendant had been served on the date
9 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required
10 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
11 was sent. (This allows a longer time to respond than would be required if formal service of
12 summons is necessary.) Defendant is asked to read the statement set forth at the bottom of the
13 waiver form that more completely describes the duties of the parties with regard to waiver of
14 service of the summons. If service is waived after the date provided in the Notice but before
15 defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on
16 which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
17 whichever is later.

18      6.   No later than **ninety (90) days** from the date of this order, defendant shall file a
19 motion for summary judgment or other dispositive motion with respect to the cognizable claim
20 in the complaint.

21           a.   If defendant elects to file a motion to dismiss on the grounds that plaintiff
22 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
23 defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315
24 F.3d 1108, 1119-20 (9th Cir. 2003).

25           b.   Any motion for summary judgment shall be supported by adequate factual
26 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
27 Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified**
28 **immunity found, if material facts are in dispute. If defendant is of the opinion that this**

1   **case cannot be resolved by summary judgment, he shall so inform the court prior to the**
2   **date the summary judgment motion is due.**

3   7.  Plaintiff's opposition to the dispositive motion shall be filed with the court and
4   served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is
5   filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex
6   Corp. v. Catrett, 477 U.S. 317 (1986).

7   8.  Defendant shall file a reply brief no later than **fourteen (14) days** after plaintiff's
8   opposition is filed.

9   9.  The motion shall be deemed submitted as of the date the reply brief is due. No
10  hearing will be held on the motion unless the court so orders at a later date.

11  10. All communications by the plaintiff with the court must be served on defendant or
12  defendant's counsel, by mailing a true copy of the document to defendant or defendant's
13  counsel.

14  11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
15  No further court order is required before the parties may conduct discovery.

16  12. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
17  and all parties informed of any change of address and must comply with the court's orders in a
18  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
19  pursuant to Federal Rule of Civil Procedure 41(b).

20  IT IS SO ORDERED.
21  DATED: _____                   *Ronald M. Whyte*
                                         RONALD M. WHYTE
22                                       United States District Judge

Order Granting Motion to Reconsider; Denying Request for Transfer; Re-Opening Case; Order of Service
G:\PRO-SE\SJ.Rmw\CR.10\Pina784reo3.wpd        4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

         Plaintiff,

  v.

LEWIS et al,

         Defendant.

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 13, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo P. Pina D-28079
Pelican Bay State Prison
P. O. Box 7500
D-2; #122 SHU
Crescent City, CA 95531

Dated: May 13, 2013

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk