IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PABLO P. PINA, | ) | No. C 10-3784 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING REQUEST FOR |
| | ) | ENTRY OF DEFAULT; DENYING |
| v. | ) | MOTION FOR ORDER TO |
| | ) | OBTAIN DECLARATIONS FROM |
| CORRECTIONAL OFFICER E. BONITI, | ) | INMATE WITNESSES |
| | ) | |
| Defendant. | ) | |
| | ) | (Docket Nos. 53, 56) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On May 13, 2013, the court ordered the complaint served upon defendant Correctional Officer E. Boniti. On June 6, 2013, the litigation coordinator at Pelican Bay State Prison returned the summons and complaint because defendant is deceased. (Doc. No. 52.)

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828

1 F.2d 1107, 1110 (5th Cir. 1987).

2 "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a); Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996).

Here, plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m). Plaintiff must provide sufficient information to allow the Marshal to locate and serve the estate or representative of deceased defendant Officer Boniti or face dismissal of this defendant from this action without prejudice. See Walker v. Sumner, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Failure to do so within **sixty days** of the date this order is filed will result in the dismissal of the claims against Officer Boniti under Rule 4(m).

As a matter of courtesy, the court requests that the litigation coordinator at Pelican Bay State Prison provide any information regarding the status of Officer Boniti's estate and, if a representative of the estate is discovered, shall inform the court of the same within **forty-five days** after the filing date of this order.

Plaintiff's request for default against Officer Boniti is DENIED. Plaintiff's motion for an order to obtain declarations from witnesses is DENIED without prejudice as premature at this time.

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Request for Entry of Default; Denying Motion for Order to Obtain Declarations from Inmate Witnesses
G:\PRO-SE\RMW\CR.10\Pina784misc.wpd      2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

        Plaintiff,

  v.

CORRECTIONAL OFFICER E. BONITI,

        Defendant.

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo P. Pina D-28079
Pelican Bay State Prison
P. O. Box 7500
D-2; #122 SHU
Crescent City, CA 95531

Dated: October 23, 2013

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk