IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PABLO P. PINA, | ) | No. C 10-3784 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING |
| v. | ) ) | DEFENDANT TO FILE DISPOSITIVE MOTION OR |
| C/O E. BONITI, et al., | ) ) | NOTICE REGARDING SUCH MOTION |
| Defendants. | ) ) | (Docket No. 61.) |

Plaintiff, a state prisoner proceeding pro se, filed a third amended federal civil rights complaint pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, the court dismisses two defendants and orders service upon the remaining defendant.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

---

[1] Plaintiff's motion to file a third amended complaint is GRANTED. (Doc. No. 61.) The clerk shall file plaintiff's third amended complaint.

seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

Plaintiff alleges that around February 2010, plaintiff and another inmate engaged in an altercation, and Correctional Officer E. Boniti used excessive force upon him. Plaintiff also claims that Warden G.D. Lewis is liable under a respondeat superior theory of liability for failure to train Correctional Officer Boniti. (Third Amended Complaint ("TAC") at 20-21.) Finally, plaintiff claims that Lieutenant J. Diggle, who presided over the hearing for plaintiff's rules violation report, violated plaintiff's right to due process and equal protection. Specifically, plaintiff alleges that Lieutenant J. Diggle prohibited plaintiff from calling his own witnesses and presenting evidence on his behalf. Further, plaintiff claims that Lieutenant J. Diggle violated plaintiff's right to equal protection because he did not also charge the other inmate with the same rules violation report. Liberally construed, plaintiff stated a cognizable claim that Lieutenant J. Diggle violated plaintiff's right to due process.

Regarding Correctional Officer E. Boniti, at the latest, in August 2013, plaintiff was informed that Correctional Officer E. Boniti was deceased. (TAC at 5.) On October 23, 2013, the court cautioned plaintiff that within sixty days, plaintiff must "provide sufficient information to allow the Marshal to locate and serve the estate or representative of deceased Officer Boniti or face dismissal of this defendant from this action without prejudice." (Doc. No. 59.) More than sixty days have passed, and plaintiff has not provided the court with any further identifying or location information for the estate or representative of defendant Boniti. Accordingly, plaintiff's claim against Correctional Officer Boniti (and thus, Correctional Officer Boniti's estate) is DISMISSED without prejudice.

Regarding defendant Warden G.D. Lewis, plaintiff fails to state a cognizable claim against him. Section 1983 does not impose liability for violations of duties of care arising out of state tort law. See DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S. 189, 201-03 (1989). The Due Process Clause is not implicated by a state official's negligent act causing unintended loss or injury to life, liberty, or property. See Daniels v. Williams, 474 U.S. 327 (1986). Rather, to state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. See Paul v. Davis, 424 U.S. 693, 697 (1976). Here, plaintiff's allegation against Warden Lewis merely alleges violations of state law, which is insufficient to state a federal civil rights claim. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (recognizing that under no circumstances is there respondeat superior liability under section 1983). Accordingly, Warden Lewis is DISMISSED from this action.

Finally, plaintiff fails to state an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). However, some governmental actions are by their nature discretionary, however, involving a "vast array of subjective, individualized assessments." Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 603 (2008). In such cases it is not a violation of equal protection when one person is treated differently from other, because doing so is an accepted consequence of the discretion granted. Id. at 601. Here, plaintiff has no constitutional right to be free from being charged with a rules violation report, even assuming that such a report is unfounded. Accordingly, plaintiff's equal protection claim is DISMISSED.

## CONCLUSION

For the foregoing reasons, the court orders:

1. Defendants Warden Lewis, C/O Boniti, and the estate of C/O Boniti are DISMISSED.

2. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the third

Order of Service; Directings Defendant to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\RMW\CR.10\Pina784srv.wpd           3

1  amended complaint and all attachments thereto (docket no. 61), and a copy of this order to
2  **Lieutenant J. Diggle** at **SQSP.**
3      3.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure
4  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
5  Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on
6  behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the
7  cost of such service unless good cause is shown for their failure to sign and return the waiver
8  form.  If service is waived, this action will proceed as if defendant had been served on the date
9  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required
10 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
11 was sent.  (This allows a longer time to respond than would be required if formal service of
12 summons is necessary.)  Defendant is asked to read the statement set forth at the bottom of the
13 waiver form that more completely describes the duties of the parties with regard to waiver of
14 service of the summons.  If service is waived after the date provided in the Notice but before
15 defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on
16 which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
17 whichever is later.
18      4.    No later than **ninety (90) days** from the date of this order, defendant shall file a
19 motion for summary judgment or other dispositive motion with respect to the cognizable claim
20 in the complaint.
21          a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff
22 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
23 defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315
24 F.3d 1108, 1119-20 (9th Cir. 2003).
25          b.    Any motion for summary judgment shall be supported by adequate factual
26 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
27 Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified</u>**
28 **<u>immunity found, if material facts are in dispute.  If defendant is of the opinion that this</u>**

**case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

5. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6. Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

8. All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

         Plaintiff,

  v.

LEWIS et al,

         Defendant.

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 8, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo P. Pina D-28079
Pelican Bay State Prison
P. O. Box 7500
D-2; #122 SHU
Crescent City, CA 95531

Dated: April 8, 2014

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk