IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PINA,<br><br>          Plaintiff,<br><br>     v.<br><br>LIEUTENANT DIGGLE,<br><br>          Defendant. | No. C 10-3784 RMW (PR)<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>MOTION FOR<br>RECONSIDERATION<br><br>(Docket Nos. 64, 69) |

Plaintiff, proceeding pro se, filed a third amended civil rights complaint pursuant to 42 U.S.C. § 1983. On April 8, 2014, the court dismissed two defendants and ordered service upon the remaining defendant, Lieutenant Diggle. Now pending before the court is plaintiff's motion for reconsideration. For the reasons stated below, the motion is granted in part and denied in part.

I.     Standard of Review

Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). In general, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

1  controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

2  II.     Motion for Reconsideration

3         Plaintiff requests that the court reconsider the dismissal of Warden G.D. Lewis, the equal
4  protection claim, and the dismissal of E. Boniti. The court addresses each argument in turn.

5         First, in the court's order of partial dismissal and service, the court dismissed Warden
6  G.D. Lewis because Section 1983 does not impose liability for violations of duties of care
7  arising out of state tort law, and plaintiff's claims against Warden G.D. Lewis were based on
8  state law liability. Plaintiff clarifies that he intended to sue Warden G.D. Lewis under both
9  federal and state law, and requested that the court take supplemental jurisdiction over his state
10 law claims that Warden G.D. Lewis was liable for failure to train and supervise E. Boniti.

11        United Mine Workers v. Gibbs, 383 U.S. 715 (1966), broadly authorized federal courts to
12 assert jurisdiction over state law claims when "[t]he state and federal claims . . . derive from a
13 common nucleus of operative fact," the claims are such that a plaintiff "would ordinarily be
14 expected to try them all in one judicial proceeding," and the federal issues are "substantial[]."
15 Id. at 725. Recognizing that pendent jurisdiction is a doctrine of discretion, the court grants
16 plaintiff's motion for reconsideration of the dismissal of Warden G.D. Lewis, exercises
17 supplemental jurisdiction of plaintiff's state law claims against him, and orders service upon
18 Warden G.D. Lewis.

19        Second, in plaintiff's Third Amended Complaint, he alleged that defendant Lieutenant
20 Diggle violated his right to equal protection because Diggle issued a rules violation report to
21 plaintiff for fighting, but did not issue the same to Inmate Sosa, with whom plaintiff was
22 fighting. The court informed plaintiff that "[t]he Equal Protection Clause of the Fourteenth
23 Amendment commands that no State shall 'deny to any person within its jurisdiction the equal
24 protection of the laws,' which is essentially a direction that all persons similarly situated should
25 be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Where
26 state action does not implicate a fundamental right or a suspect classification, a plaintiff can
27 establish an equal protection "class of one" claim by demonstrating that he "'has been
28 intentionally treated differently from others similarly situated and that there is no rational basis

for the difference in treatment.'" Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004).

However, in Engquist v. Oregon Dep't of Agric., 553 U.S. 7; 3, 603 (2008), the Supreme Court noted that a "class of one" equal protection claim may be appropriate when the differential treatment results from a non-discretionary state action. An Equal Protection claim based on a "class of one" requires a plaintiff to allege that he has been (1) intentionally treated differently from others similarly situated; and (2) that there is no rational basis for the difference in treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Although the Court in Engquist noted that "[t]his principle applies most clearly in the employment context," id., numerous courts have applied Engquist to bar "class of one" claims in connection with discretionary decisions made outside the government-employee context. See, e.g., Flowers v. City of Minneapolis, 558 F.3d 794, 799-800 (8th Cir. 2009) (applying Engquist's reasoning to conclude "that while a police officer's investigative decisions remain subject to traditional class-based equal protection analysis, they may not be attacked in a class-of-one equal protection claim"); United States v. Moore, 543 F.3d 891, 901 (7th Cir. 2008) (applying Engquist to challenges to decisions of prosecutorial discretion and noting "a class-of-one equal protection challenge, at least where premised solely on arbitrariness/irrationality, is just as much a 'poor fit' in the prosecutorial discretion context as in the public employment context"); Adams v. Meloy, 287 Fed. App'x 531, 534 (7th Cir. 2008) (citing Engquist and determining that "class of one" claim against parole board had no merit because, inter alia, "[t]he parole board's inherent discretion necessitates that some prisoners will receive more favorable treatment than others"); Tarantino v. City of Hornell, 2009 WL 1384983, at *11 & n.11, (W.D.N.Y. May 28, 2009) (applying Engquist to enforcement of town code provisions because of the degree of discretion involved).

Here, California Code of Regulations provides a variety of options to prison officials regarding how inmate misconduct shall be handled: (1) verbal counseling, (2) custodial counseling chrono; or a (3) rules violation report. See Cal. Code Regs., tit. 15, § 3312(a). State regulations afford prison officials a great deal of discretion in determining how to address inmate

Order Granting in Part and Denying in Part Motion for Reconsideration
P:\PRO-SE\RMW\CR.10\Pina784rec.wpd    3

1  misconduct.  See Wise v. Marshall, 2010 WL 532406, *4 (C.D. Cal. Feb. 11, 2010) (citing as

2  further examples Cal. Code Regs. tit. 15, §§ 3314(f), (g)).  Accordingly, the discretionary

3  decision to issue a rules violation report to plaintiff but not Inmate Sosa does not state a

4  cognizable claim of a violation of the Equal Protection Clause.  Plaintiff's motion to reconsider

5  the dismissal of this claim is denied.

6         Finally, plaintiff requests that the court reinstate E. Boniti as a defendant in this action.

7  On June 6, 2013, the litigation coordinator from Pelican Bay State Prison filed a letter in this

8  action, stating that E. Boniti was deceased.  (Docket No. 52.)  On October 23, 2013, the court

9  directed plaintiff to provide sufficient information to locate and serve the estate or representative

10 of E. Boniti so that the Marshal could serve him.  The court also requested that the litigation

11 coordinator provide any information regarding the status of E. Boniti's estate and/or a

12 representative of such estate.  Neither plaintiff nor the litigation coordinator has provided any

13 such information to date.  On April 8, 2014, the court dismissed E. Boniti and E. Boniti's estate

14 under Federal Rule of Civil Procedure 4(m).

15        Plaintiff now requests proof of E. Boniti's death, and asserts that E. Boniti "should not be

16 dismissed from the civil suit merely because plaintiff cannot produce the address and name of

17 Boniti's estate representative."  However, pursuant to Rule 4(m), even assuming Boniti is alive,

18 absent a showing of good cause, E. Boniti was subject to dismissal.  In addition, assuming E.

19 Boniti is indeed deceased, plaintiff must proceed against E. Boniti's estate by somehow

20 substituting the deceased's estate for the deceased.  See F.D.I.C. V. Cromwell Crossroads Assoc.

21 Lid. Partnership, 480 F. Supp. 2d 516, 526 (D. Conn. 2007).

22        Because the Marshal is unable to effectuate service through no fault of his own, for

23 example, because plaintiff failed to provide sufficient information or because E. Boniti is not

24 where plaintiff claimed, plaintiff was required to remedy the situation or face dismissal.  See

25 Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994), overruled on other grounds by Sandin

26 v. Connor, 515 U.S. 472 (1995).

27        Here, the Marshal was not at fault for failing to execute service on E. Boniti, E. Boniti

28 has not been and cannot be served, and plaintiff has not provided sufficient information to allow

the Marshal or the court to locate and serve E. Boniti's estate or representative. See id. When the litigation coordinator informed the court that E. Boniti was deceased, the litigation coordinator made no mention of knowledge of a successor or representative.  More than one year has passed since that notification.  The court gave plaintiff an additional 60 days from October 23, 2013, to identify and locate E. Boniti's estate or representative.  However, plaintiff has provided no such information.  The court is aware of the difficulty that plaintiff, a pro se prisoner, faces in gathering information about E. Boniti's estate.  However, no other party is responsible for providing this information, nor do they have any incentive to do so. Accordingly, the motion to reconsider the dismissal of E. Boniti without prejudice is denied.

This order terminates docket numbers 64 and 69.

III.    Conclusion

1.    Plaintiff's motion to reconsider the dismissal of his equal protection claim and of E. Boniti is DENIED.

2.    Plaintiff's motion to reconsider the dismissal of Warden G.D. Lewis is GRANTED.   The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the third amended complaint and all attachments thereto (docket no. 61), and a copy of this order to **G.D. Lewis** at **Pelican Bay State Prison.**

The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office.  Additionally, the clerk shall mail a copy of this order to plaintiff.

3.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause is shown for his failure to sign and return the waiver form.  If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required

to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent from the court. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent from the court or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    4.    No later than **sixty (60) days** from the date the waiver is sent from the court, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

    5.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

    6.    Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

    7.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    8.    All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

    9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

    10.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

1  and all parties informed of any change of address and must comply with the court's orders in a
2  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
3  pursuant to Federal Rule of Civil Procedure 41(b).
4      IT IS SO ORDERED.
5  DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

        Plaintiff,

  v.

LIEUTENANT DIGGLE,

        Defendant.

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 12, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo P. Pina D-28079
Salinas Valley State Prison
PO Box 1050
D-Facility Z-9 196# Ad-Seg.
Soledad, CA 93960

Dated: November 12, 2014

                            Richard W. Wieking, Clerk
                            By: Jackie Lynn Garcia, Deputy Clerk