IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PINA, | No. C 10-3784 RMW (PR) |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL; GRANTING IN PART MOTION FOR EXTENSION OF TIME TO CONDUCT DISCOVERY; GRANTING REQUEST TO OBTAIN DECLARATIONS FROM INMATES; DENYING APPOINTMENT OF COUNSEL |
| v. | |
| G.D. LEWIS, et al., | |
| Defendants | |
| | (Docket Nos. 85, 86, 100, 102) |

Plaintiff, proceeding pro se, filed a third amended civil rights complaint pursuant to 42 U.S.C. § 1983. In the third amended complaint, the court found that plaintiff had stated a cognizable claim that Lieutenant Diggle violated plaintiff's right to due process at the hearing for plaintiff's rules violation report. The court also exercised its supplemental jurisdiction over plaintiff's state law claims against Warden Lewis. The court dismissed one defendant and ordered service upon defendants Warden Lewis and Lieutenant Diggle.

On March 16, 2015, defendants filed a motion for summary judgment. Plaintiff has not yet filed an opposition. Currently pending before the court are plaintiff's motion to compel; plaintiff's motion for an extension of time to conduct discovery; plaintiff's request for a court order to obtain declarations from inmates; and plaintiff's motion for appointment of counsel. The court addresses each in turn.

I.   Motion to Compel Discovery

Plaintiff alleges that he sent discovery requests to defense counsel on January 19, 2015. On March 17, 2015, defense counsel responded, but did not answer each request as thoroughly as plaintiff had anticipated. On April 3, 2015, plaintiff filed the underlying motion to compel responses.

Plaintiff may file a motion to compel discovery, however, only after he satisfies the "meet and confer" requirements of the discovery rules. See Fed. R. Civ. P. 37(a)(2)(A) (providing that a motion to compel must include certification that movant has in good faith conferred and attempted to confer with non-disclosing party in effort to secure disclosure without court action); N.D. Cal. Civ. R. 37-1 (same). Because plaintiff is detained, however, he is not required to meet and confer with defendants in person. Rather, if his discovery requests are denied, and he intends to seek a motion to compel, he must send a letter to defendants to that effect, offering them one last opportunity to provide him with the sought-after information before resorting to filing a motion to compel.

On this record, there is no indication that plaintiff satisfied the meet-and-confer requirement prior to filing his motion to compel. It does not appear that plaintiff took any steps to attempt to resolve his discovery dispute with defendants before seeking assistance from this court by filing his motion to compel. Thus, the motion to compel is DENIED.

II.   Motion for extension of time to conduct discovery

Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary judgment demonstrates a need for further discovery in order to obtain facts essential to justify the party's opposition, the court may deny the motion for summary judgment or continue the hearing to allow for such discovery. Fed. R. Civ. P. 56(d); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998). In making a Rule 56(d) motion, a party opposing summary judgment must make clear "what information is sought and how it would preclude summary judgment." Id. at 853-54

(district court correctly denied motion for continuance under Rule 56(f)[1] where plaintiff did not provide any basis or factual support for his assertions that further discovery would lead to the facts and testimony he described, and his assertions appeared based on nothing more than "wild speculation"); see also, e.g., Nicholas v. Wallenstein, 266 F.3d 1083, 1088-89 (9th Cir. 2001) (district court did not abuse its discretion in denying motion for continuance under Rule 56(f) where plaintiffs had already conducted a large amount of informal discovery and where they did not make clear what information was sought and how it would preclude summary judgment). Rule 56(d) requires that the requesting party show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp., 525 F.3d 822, 827 (9th Cir. 2008).

In the third amended complaint, plaintiff alleged that non-defendant E. Boniti[2] purposely opened an incorrect cell door, which led to another inmate and plaintiff engaging in a fight. During the fight, E. Boniti shot plaintiff. Subsequently, plaintiff was issued a rules violation report for fighting. Plaintiff's claim against Warden Lewis is that he failed to train or supervise non-defendant E. Boniti, and is liable under a theory of respondeat superior.

Here, the court has reviewed plaintiff's requests for discovery, and assertions of discovery requests that remain unfulfilled. Plaintiff does not demonstrate how any "additional discovery would [] reveal[] specific facts precluding summary judgment," see Tatum v. City and County of S.F., 441 F.3d 1090, 1101 (9th Cir. 2006), or how the sought-after facts are essential to oppose summary judgment, Family Home and Finance Center, Inc., 525 F.3d at 827. Nor does he specify what facts he hopes to elicit. In other words, plaintiff has not identified non-speculative facts likely to be discovered through his requests that are necessary to preclude

---

[1] Former Federal Rule of Civil Procedure 56(f) was amended in 2010. It is now set forth in Rule 56(d).

[2] Although plaintiff initially named E. Boniti as a defendant, prison officials informed the court that E. Boniti was deceased. After plaintiff was unable to locate the estate of E. Boniti or a representative thereof, the court dismissed E. Boniti under Rule 4(m).

summary judgment. See Margolis, 140 F.3d at 854.

Accordingly, plaintiff's motion for an extension of time to conduct discovery is DENIED. However, because plaintiff's opposition to defendants' motion for summary judgment is now overdue, the court will GRANT plaintiff an extension of time within which to file his opposition. Within twenty-eight days of the filing date of this order, plaintiff must file his opposition. Defendants shall file their reply within fourteen days thereafter.

III.   Request for court order to obtain inmate declarations

Plaintiff has filed a request for the court to order Pelican Bay State Prison officials to allow plaintiff to obtain declarations from inmate witnesses in support of plaintiff's opposition to defendants' motion for summary judgment. Plaintiff declares that, because the inmates are housed in the Secured Housing Unit ("SHU"), Pelican Bay State Prison's policy is to only allow an inmate to obtain SHU inmates' declarations if ordered to do so by the court.

The court is reluctant to get involved with prison procedures and policies regarding what is and what is not permissible behavior or requests from individual prisoners. Courts owe "substantial deference to the professional judgment of prison administrators." Overton v. Bazzetta, 539 U.S. 126, 132 (2003). However, the court recognizes that plaintiff believes he needs these declarations to properly oppose defendants' motion. To that end, plaintiff is advised that the court will accept declarations from inmate witnesses under separate cover on behalf of plaintiff, if those declarations clearly identify this case name and number, and include the caption, "DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT." Plaintiff is permitted to send a one-time correspondence to inmates Alfred Sosa, #C44192; Byron Bunt, #C41557; Dale Bretches, #C10395; Danny Bartosh; Ralph Trujillo; Travis Britt, #P41557; and Arthur Ramirez for the purpose of requesting a declaration in support of plaintiff's opposition to defendants' motion for summary judgment. Such correspondence must use the appropriate prison request forms and channels to comply with applicable prison security rules and regulations. With the limitations stated above, plaintiff's request is GRANTED.

IV. <u>Motion for appointment of counsel</u>

Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. <u>See</u> <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997); <u>see also</u> <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). This denial is without prejudice to the court's sua sponte appointment of counsel at a future date should the circumstances of this case warrant such appointment.

V. <u>Conclusion</u>

Plaintiff's motion to compel is DENIED. Plaintiff's motion for an extension of time to conduct discovery is GRANTED in part. Plaintiff's opposition to defendants' motion for summary judgment is due no later than twenty-eight days from the filing date of this order. Defendants' reply is due fourteen days thereafter. Plaintiff's request for a court order is GRANTED with the limitations specified above. Plaintiff's motion for appointment of counsel is DENIED.

This order terminates docket numbers 85, 86, 100, and 102.

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

Order Denying Motion to Compel; Granting in Part Motion for Extension of Time to Conduct Discovery; Granting Request to Obtain Inmate Declarations; Denying Appointment of Counsel
P:\PRO-SE\RMW\CR old\CR.10\Pina784misc2.wpd     5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PABLO PINA,

          Plaintiff,

  v.

LEWIS et al,

          Defendant.

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 27, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo P. Pina D-28079
Corocoran State Prison
PO Box 5244
SAT-F/ASU-178.
Corcoran, CA 93212

Dated: April 27, 2015

                                    Richard W. Wieking, Clerk
                                    By: Jackie Lynn Garcia, Deputy Clerk