IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABLO P. PINA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LIEUTENANT DIGGLE,<br><br>　　　　Defendant. | No. C 10-3784 RMW (PR)<br><br>ORDER ADDRESSING<br>PLAINTIFF'S PENDING<br>MOTIONS<br><br><br>(Docket Nos. 80, 107, 110, 114) |

　　　　Plaintiff, proceeding pro se, filed a third amended civil rights complaint pursuant to 42 U.S.C. § 1983. On March 16, 2015, defendant filed a motion for summary judgment. (Docket No. 92.) On April 27, 2015, this court denied plaintiff's motion to compel, denied plaintiff's motion for an extension of time to conduct discovery, granted plaintiff an extension of time to file an opposition, and granted plaintiff's request to obtain declarations from inmates, subject to conditions. (Docket No. 106.)

　　　　Plaintiff has filed a motion to reconsider the court's denial of plaintiff's motion to compel. (Docket No. 110.) Because plaintiff has not presented the court with newly discovered evidence, shown that the court committed clear error or that the court's decision was manifestly unjust, or alleged that there was an intervening change in controlling law, the motion is DENIED. See School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

　　　　On April 27, 2015, the court ordered that plaintiff was permitted to send a one-time correspondence to specifically named inmates with the requirement that the correspondence

comply with applicable prison security rules and regulations. On May 12, 2015, defense counsel submitted a response indicating that normally, when courts issue an order allowing correspondence between inmates, defense counsel and the prisoner-plaintiff work together to agree upon the contents of the one-time correspondence. Then, the litigation coordinator of the prisoner where the prisoner-plaintiff is held electronically sends that correspondence to the litigation coordinators of the institutions where the other inmates are held. Here, defense counsel has informed the court that plaintiff and counsel agreed upon the correspondence as to all inmates except inmate Alfred Sosa because plaintiff wished to draft a separate correspondence to Sosa. On May 14, 2015, plaintiff filed a motion for clarification of the court's April 27, 2015 order. Plaintiff argues that nowhere in the order does it require plaintiff to communicate and agree with defense counsel as to the content of the correspondence, or the number of declarations the other inmates may send in support of plaintiff's lawsuit. Plaintiff's motion for clarification is GRANTED.

  As the court stated in its previous order, it is reluctant to get involved with prison procedures and policies regarding the specific rules of communication between inmates. Defense counsel has indicated that the procedure he laid out was the "only way . . . to allow such correspondence" in order to comply with the prison regulations and procedures. The court expresses no opinion on the propriety of such a procedure. The court merely restates that plaintiff is permitted to send a one-time correspondence to the inmates indicated in the court's April 27, 2015 order with the condition that the correspondence use the appropriate prison request forms and channels, and comply with applicable prison security rules and regulations.

  Plaintiff's opposition to the motion for summary judgment was due on May 27, 2015. On May 22, 2015, plaintiff filed another request for an extension of time. (Docket No. 117.) In plaintiff's request, he states that he is having a difficult time obtaining the prisoner declarations. Plaintiff states that he is also still have problems obtaining discovery from prison officials. However, in the court's April 27, 2015 order, the court denied plaintiff's request to extend the deadline for his opposition on the basis that plaintiff needed to complete discovery because plaintiff failed to comply with the requirements of Rule 56(d). Thus, to the extent plaintiff is

1  asking for more time within which to conduct discovery, that request is denied.  Plaintiff's
2  opposition shall be filed no later than **twenty-eight days** from the filing date of this order.
3  Defendant's reply shall be filed fourteen days thereafter.  Absent exigent circumstances, no
4  further requests for an extension of time will be granted.
5          Plaintiff's "notice of motion and motion requesting a trial by jury" is essentially a
6  response to defendant's answer.  (Docket No. 76.)  To the extent plaintiff is requesting that the
7  court take notice that plaintiff is requesting a jury trial, plaintiff's request is granted.  To the
8  extent plaintiff is requesting that the court acknowledge that summary judgment is not
9  appropriate, the court declines to do so at this time.  That portion of the motion is denied without
10 prejudice.
11         This order terminates docket numbers 80, 107, 110, and 114.
12         IT IS SO ORDERED.
13 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PABLO P. PINA,

        Plaintiff,

  v.

LIEUTENANT DIGGLE,

        Defendant.

Case Number: CV10-03784 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pablo P. Pina D-28079
Corcoran State Prison
PO Box 5244
SAT-F/ASU-178.
Corcoran, CA 93212

Dated: June 12, 2015

                                    Richard W. Wieking, Clerk
                                    By: Jackie Lynn Garcia, Deputy Clerk